**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5007**

WRITER'S INTERNET ADDRESS
**dianedoolittle@quinnemanuel.com**

August 18, 2025

<u>VIA EMAIL AND FEDEX</u>

Honorable Judge Paul S. Diamond
District Court for the Eastern District of Pennsylvania
14614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

Re: *Amber Doe v. Sequoia Capital Operations LLC, et al.*, Case No. 2:25-cv-04734-PD

Chambers of the Honorable Judge Paul S. Diamond:

I write regarding the above captioned action, filed in *pro per* by Amber Baptiste ("Amber Doe") on August 17, 2025.  For the Court's convenience, attached please find (1) an order from the Superior Court of California, County of Orange declaring Ms. Baptiste a vexatious litigant for her repeated complaints against the same defendants, (2) a letter from the California State Bar declaring Ms. Baptiste a vexatious litigant for her repeated complaints against the same defendants, and (3) five orders from three separate Federal District Courts dismissing Ms. Baptiste's similar, serial complaints with prejudice.

It also appears that Ms. Baptiste filed identical complaints to the one in this Court in the United States District Court for the Southern District of New York on July 25, 2025 (Case No. 1:25-cv-06169-LTS), the United States District Court for the Middle District of Florida on July 30, 2025 (Case No. 8:25-cv-02003-TPB-CPT), and the United States District Court for the District of Columbia on August 5, 2025 (Case No. 1:25-cv-02566-UNA).

Respectfully,

*Diane M. Doolittle*

Diane M. Doolittle

cc: Amber Baptiste, 8306 #2020 Wilshire Blvd, Los Angeles, CA 90211

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 06/28/2024                    TIME: 09:30:00 AM          DEPT:  C25

JUDICIAL OFFICER PRESIDING: Nico Dourbetas
CLERK: G. Cooper
REPORTER/ERM: Vienna Nguyen
BAILIFF/COURT ATTENDANT: F. Camandang

CASE NO: **30-2016-00853797-CU-BC-CJC**   CASE INIT.DATE: 05/20/2016
CASE TITLE: **Law Firm of Rivers J. Morrell III vs. Baptiste**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Breach of Contract/Warranty

---

EVENT ID/DOCUMENT ID: 74306973

**EVENT TYPE:** Joinder
MOVING PARTY: Sequoia Capital Growth Fund III, L.P., Sequoia Entrepreneurs Annex Fund, L.P., Sequoia Capital Growth III Principals Fund, LLC, Sequoia Capital Operations, LLC, Sequoia Capital IX, L.P., Sequoia Capital Franchise Fund, L.P., Sequoia Capital Franchise Partners, L.P., Sequoia Capital Growth Partners III, L.P.
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder, 05/24/2024

---

EVENT ID/DOCUMENT ID: 74303986

**EVENT TYPE:** Motion - Other
MOVING PARTY: Michael Lewis Goguen, Quinn Emanuel Urquhart & Sullivan LLP
CAUSAL DOCUMENT/DATE FILED: Motion - Other Declaring Vexatious Litigant, 05/22/2024

---

EVENT ID/DOCUMENT ID: 74307053

**EVENT TYPE:** Joinder
MOVING PARTY: Glaser Weil Fink Howard Jordan & Shapiro LLP
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder, 05/29/2024
Additional events listed on last page.

---

**APPEARANCES**
Ryan Cox - Attorney, Cross - Defendant, present remotely.
Marta Alcumbrac, from Nemecek & Cole a Professional Corporation, present for Cross - Defendant(s) remotely.
Gregory Emdee, from Kjar, McKenna & Stockalper LLP, present for Cross - Defendant(s) remotely.
Kyle Batter, from Quinn Emanuel Urquhart & Sullivan, LLP, present for Cross - Defendant,Cross - Complainant,Defendant(s) remotely.
Claudia Linn Stone, Cross - Defendant, present remotely.
David Samani, from Lewis Brisbois Bisgaard & Smith LLP, present for Cross - Defendant(s) remotely.
Diane Doolittle, Defendant, present remotely.
Howard Smith, specially appearing for Nemecek & Cole, present for Cross - Defendant,Plaintiff(s).
Alan Brown, from Day, Day & Brown, present for Cross - Defendant,Plaintiff(s) remotely.
Bruce Van Dalsem - Counsel for Michael Gogan, specially appearing for Quinn Emanuel Urquhart & Sullivan LLP, Cross - Defendant.

---

CASE TITLE: Law Firm of Rivers J. Morrell III vs. Baptiste          CASE NO: **30-2016-00853797-CU-BC-CJC**

Hearing held, participants appearing remotely and in person.

Appearances are as noted above and as stated on the record. There is no appearance by defendant / Cross-Complainant, Amber Baptiste.

Court notes for the record that the Law and Motion calendar began at 9:30 a.m. At 10:45 a.m., there has still been no check in or appearance by defendant / cross-complainant, Amber Baptiste.

Court informed the parties that the Courtroom Attendant also went to the 1st floor of the Central Justice center and checked the Civil Clerk's Office and Self-Help Center to see if defendant / cross-complainant, Amber Baptiste, was potentially in the Courthouse, she was not.

Court also notes, this matter has been called as the last case on the Law and Motion calendar to give defendant / cross-complainant, Amber Baptiste, additional time to appear.

Court proceeds to read the tentative ruling to the present parties.

All present parties submit on the Court's tentative ruling.

The Court CONFIRMED the tentative ruling as follows:

Cross-Defendant Michael Goguen's Application to Have Cross-Complainant Amber Laurel Baptiste Declared a Vexatious Litigant is GRANTED. (See Code Civ. Proc. § 391.1(a).)

Calif. Code of Civil Procedure, section specifically defines a vexatious litigant as:

"(b) "Vexatious litigant" means a person who does any of the following:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."

Defendant presents evidence establishing that Cross-Complainant Amber Laurel Baptiste has brought at least five actions in self-represented status that have been determined against her within a seven-year period. (See Code Civ. Proc. § 391.1, subd. (b)(1).)

Defendant also presents evidence establishing that Cross-Complainant Amber Laurel Baptiste has repeatedly relitigates in self-represented status, claims and causes of action repeatedly determined

Case 2:25-cv-04734-PD    Document 7    Filed 08/20/25    Page 4 of 27

against her. (See Code Civ. Proc. § 391.1, subd. (b)(2).)

Finally, defendant also presents evidence establishing that Cross-Complainant Amber Laurel Baptiste has, while in self-represented status, filed unmeritorious motions, pleadings, or other papers, or engaged in other tactics that are frivolous or solely intended to cause unnecessary delay. (See Code Civ. Proc. § 391.1, subd. (b)(3); Pittman v. Beck Park Apartments Ltd. (2018) 20 Cal.App.5th 1009, 1014.)

In addition to finding Ms. Baptiste a vexatious litigant, the Court imposes a prefiling order against Ms. Baptiste as follows:

The Court prohibits Amber Laurel Baptiste from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (See Cal. Civ. Code § 391.7, subd. (a).)

Ms. Baptiste is ordered to post an undertaking in the amount of $50,000.00 in favor of cross-defendant Michael Goguen within 30 days.

Prefiling order to be prepared and submitted by Moving Party for Court to review and sign.

<u>Motions No. 2-7:</u>

The Requests for Joinder by Sequoia Capital and Related Companies; Glaser, Weil, Fink, Howard, Jordan, & Shapiro, LLP; Brown & Charbonneau, LLP; Frank W. Nemeck; William Paopli; and Paoli Purdy, LLP are GRANTED.

Ms. Baptiste is ordered to post an undertaking in the amount of $50,000.00 within 30 days in favor of *each* of the following Moving Parties:

- Sequoia Capital and Related Companies;
- Glaser, Weil, Fink, Howard, Jordan, & Shapiro, LLP;
- Brown & Charbonneau, LLP;
- Frank W. Nemeck;
- William Paopli and Paoli Purdy, LLP

*The prosecution of this action is stayed until the earlier of: (i) cross-complainant filing the ordered undertaking; or (ii) further order of this Court.*

Cross-complainant is advised that if the undertaking is not timely filed, the Court will dismiss the cross-complaint *with prejudice*. (See Say & Say, Inc. v. Ebershoff (1993) 20 Cal.App.4th 1759, 1761.)

The Requests for Joinder by Wilson Sosini Goodrich & Rosati PC and Law Firm of Rivers J. Morrell III and Rivers J. Morrell III are DENIED, as the requests were not filed timely.

Attorney Kyle Batters request for Judicial Notice as requested is granted.

<u>*The Order to Show Cause re: Whether Defendant / Cross-Complainant, Amber Baptiste has posted the undertaking amounts ordered on 06/28/2024 is scheduled for 08/12/2024 at 10:30 AM in Department C25.*</u>

*As stated above, if the undertaking is not timely filed, the Court will dismiss the cross-complaint with prejudice.*

CASE TITLE: Law Firm of Rivers J. Morrell III vs.        CASE NO: **30-2016-00853797-CU-BC-CJC**
Baptiste

**In light of stay on this case, the following motions are vacated:**

The Demurrer to Amended Cross-Complaint set for 07/12/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 07/12/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 07/12/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 07/12/2024 at 9:30 a.m. in Department C25 is vacated.

The Motion to Quash Service of Summons set for 07/12/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 07/26/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 07/26/2024 at 9:30 a.m. in Department C25 is vacated.

The Motion to Quash Service of Summons set for 07/26/2024 at 9:30 a.m. in Department C25 is vacated.

The Motion to Quash Service of Summons set for 07/26/2024 at 9:30 a.m. in Department C25 is vacated.

The Motion to Quash Service of Summons set for 07/26/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 07/26/2024 at 9:30 a.m. in Department C25 is vacated.

The Demurrer to Amended Cross-Complaint set for 12/06/2024 at 9:30 a.m. in Department C25 is vacated.

Court orders Moving Party to give notice.

ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 74307871
**EVENT TYPE:** Joinder
MOVING PARTY: Frank W. Nemecek
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder, 05/30/2024

EVENT ID/DOCUMENT ID: 74308923
**EVENT TYPE:** Joinder
MOVING PARTY: Paoli and Purdy LLP, William Paoli
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder, 05/31/2024

EVENT ID/DOCUMENT ID: 74307064
**EVENT TYPE:** Joinder
MOVING PARTY: Brown & Charbonneau, LLP
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder, 05/29/2024

EVENT ID/DOCUMENT ID: 74324568
**EVENT TYPE:** Joinder
MOVING PARTY: Law Firm of Rivers J. Morrell III, Rivers J. Morrell, III
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder, 06/18/2024

The State Bar
*of California*

SPECIAL DEPUTY TRIAL COUNSEL

January 21, 2025

**PERSONAL AND CONFIDENTIAL**
**VIA UNITED STATES MAIL AND EMAIL**

Amber Baptiste
8306 Wilshire Boulevard #2020
Los Angeles, CA 90211
amberlitigate@gmail.com

      RE:    Vexatious Complainant Designation (Rules Proc. of State Bar, rule 2605)

Dear Amber Baptiste:

You are hereby notified that you have been designated a vexatious State Bar complainant pursuant to Rules of Procedure of the State Bar, rule 2605.  Accordingly, the State Bar of California may decline to review and process any subsequent communications from you unless: 1) the communication is verified by you under penalty of perjury; **and** 2) the communication is submitted on your behalf by an attorney who holds an active license to practice law in the State of California and is not currently in disciplinary proceedings or on disciplinary or criminal probation. (Rules Proc. of State Bar, rule 2605, subd. (d) [emphasis added].)

Pursuant to rule 2605, a complainant may be designated as vexatious if, in the preceding two-year period, the complainant has submitted to the State Bar ten or more communications alleging attorney misconduct that have been finally closed at the inquiry stage without investigation because the communications did not allege sufficient factual or legal grounds to indicate a potential disciplinary violation. (Rules Proc. of State Bar, rule 2605, subd. (a).)  A complainant's communication has been "finally closed" if: 1) the complainant failed to seek reopening of the complaint by the Complaint Review Unit (CRU) of the Office of General Counsel within 90 days of the closure of the communication; or 2) CRU denied the complainant's request to reopen the communication and the complainant did not timely file an accusation arising from the communication with the Supreme Court in compliance with California Rules of Court, rule 9.13(d) through (f); or 3) the Supreme Court denied an accusation arising from the communication. (Rules Proc. of State Bar, rule 2605, subd. (b).)

Your designation as a vexatious complainant is based on the following matters submitted in the past two years that were finally closed at the inquiry stage. The following list is not necessarily exhaustive of qualifying closed complaints under rule 2605.

| Complaint Submitted | Case No. | Respondent | Disposition |
|---|---|---|---|
| August 7, 2023 | 23-O-20672 | Bruce VanDalsem | Closed at inquiry stage on October 20, 2023. CRU denied request to reopen on September 23, 2024. No accusation filed with California Supreme Court. |
| August 7, 2023 | 23-O-20675 | John Quinn | Closed at inquiry stage on September 6, 2023. No secondary review requested. |
| September 5, 2023 | 23-O-22144 | Michael Lifrak | Closed at inquiry stage on September 22, 2023. CRU denied request to reopen on September 12, 2024. No accusation filed with California Supreme Court. |
| September 5, 2023 | 23-O-22147 | Sara Pollock | Closed at inquiry stage on November 6, 2023. CRU denied request to reopen on September 17, 2024. No accusation filed with California Supreme Court. |
| September 5, 2023 | 23-O-22153 | Joseph Sarles | Closed at inquiry stage on November 6, 2023. CRU denied request to reopen on September 17, 2024. No accusation filed with California Supreme Court. |
| September 5, 2023 | 23-O-22155 | William Price | Closed at inquiry stage on October 27, 2023. CRU denied request to reopen on August 29, 2024. No accusation filed with California Supreme Court. |

| September 5, 2023 | 23-O-22157 | Kyle Batter | Closed at inquiry stage on September 22, 2023. CRU denied request to reopen on July 30, 2024. No accusation filed with California Supreme Court. |
|---|---|---|---|
| September 14, 2023 | 23-O-22718 | Rivers Morrell | Closed at inquiry stage on September 27, 2023. CRU denied request to reopen on September 12, 2024. No accusation filed with California Supreme Court. |
| September 14, 2023 | 23-O-22719 | Frank Nemecek | Closed at inquiry stage on October 3, 2023. No secondary review requested. |
| September 14, 2023 | 23-O-22727 | Anthony McCusker | Closed at inquiry stage on November 9, 2023. CRU denied request to reopen on August 29, 2024. No accusation filed with California Supreme Court. |
| September 14, 2023 | 23-O-22788 | Alan Brown | Closed at inquiry stage on November 7, 2023. CRU denied request to reopen on October 2, 2024. No accusation filed with California Supreme Court. |
| September 14, 2023 | 23-O-22719 | Patricia Glaser | Closed at inquiry stage on November 9, 2023. CRU denied request to reopen on October 2, 2024. No accusation filed with California Supreme Court. |
| September 20, 2023 | 23-O-23049 | Diane Doolittle | Closed at inquiry stage on December 6, 2023. CRU denied request to reopen on October 9, 2024. No accusation filed with California Supreme Court. |

You may seek review of the vexatious designation by filing a request for review with the Presiding Judge of the Review Department of the State Bar Court within 30 days of the mailing this letter. (Rules Proc. of State Bar, rule 2605, subd. (c).) The request for review must include a copy of the vexatious complainant designation notice and be accompanied by proof of service on the Office of Chief Trial Counsel, Intake Unit, at the Los Angeles office of the State Bar, and on the Clerk of the State Bar Court at the Los Angeles office. (Id.) If you choose to seek review, the State Bar Court will determine whether your complaint history meets the requirements for the vexatious designation; however, the State Bar Court will *not* review the merits of the underlying complaints on which the vexatious complainant designation is based.

Sincerely,

SPECIAL DEPUTY TRIAL COUNSEL

**Rule 2605. VEXATIOUS COMPLAINANTS**

(a) The Office of Chief Trial Counsel may designate a person a vexatious complainant if, in the preceding two-year period, the complainant has submitted to the State Bar 10 or more communications alleging attorney misconduct that have been finally closed at the inquiry stage without investigation because the communications did not allege sufficient factual or legal grounds to indicate a potential disciplinary violation. The Office of Chief Trial Counsel will mail notice of the designation and a copy of this rule to the complainant at the complainant's last known address.

(b) For purposes of this rule, a complainant's communication has been "finally closed" if: (i) the complainant failed to seek reopening of the complaint by the Complaint Review Unit of the Office of General Counsel within 90 days of the closure of the communication; or (ii) the Complaint Review Unit denied the complainant's request to reopen the communication and the complainant did not timely file an accusation arising from the communication with the Supreme Court in compliance with California Rules of Court, rule 9.13(d) through (f); or (iii) the Supreme Court denied an accusation arising from the communication.

(c) A complainant designated as vexatious under this rule may seek review of the designation by filing a request for review with the Presiding Judge of the Review Department of the State Bar Court within 30 days of the mailing of the notice issued pursuant to subdivision (a). The request for review must include a copy of the vexatious complainant designation notice and be accompanied by proof of service on the Office of Chief Trial Counsel, Intake Unit, at the Los Angeles office of the State Bar, and on the Clerk of the State Bar Court at the Los Angeles office. The Office of Chief Trial Counsel may file and serve an answer to the complainant's request for review within 20 days of service of the complainant's request for review. Based upon these written submissions, the State Bar Court will confirm whether the complainant has, in the two-year period preceding the notice of vexatious complainant designation, submitted 10 or more communications alleging attorney misconduct that have been finally closed. If the State Bar Court finds that the requirement of 10 or more finally closed communications, as specified in subdivision (a), was not met, the vexatious complainant designation will be vacated; otherwise, the designation will remain in place. The State Bar Court will not review the merits of the 10 or more communications on which the vexatious complainant designation is based. The Executive Committee of the State Bar Court may adopt rules of practice for these proceedings.

(d) The Office of Chief Trial Counsel may decline to review and process any subsequent communications from a person designated a vexatious complainant under this rule unless the communication is verified by the complainant under penalty of perjury and the communication is submitted on the complainant's behalf by an attorney who holds an active license to practice law in the State of California and is not currently in disciplinary

proceedings or on disciplinary or criminal probation. If the vexatious complainant is an attorney licensed to practice law in the State of California, the communication must be submitted on the vexatious complainant's behalf by another attorney who is actively licensed to practice law in the State of California and is not currently in disciplinary proceedings or on disciplinary or criminal probation and is not designated as a vexatious complainant pursuant to this rule.

(e) This rule shall apply retroactively to January 1, 2018.

(f) This rule does not apply to complaints filed pursuant to Business and Professions Code section 6158.4.

Eff. September 19, 2019 (Resolution adopted January 24, 2020, effective nunc pro tunc to September 19, 2019.)

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER DOE, | **CASE NUMBER** |
| | 2:23-cv-02280-MEMF (SK) |
| v.                                    **PLAINTIFF(S)** | |
| MICHAEL LEWIS GOGUEN, et al., | **ORDER RE REQUEST TO PROCEED** |
| | ***IN FORMA PAUPERIS*** |
| **DEFENDANT(S)** | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____               _____
Date                                                                    United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency               ☒ District Court lacks jurisdiction

☒ Legally and/or factually patently frivolous     ☒ Immunity as to many defendants

☒ Other: Failure to state a claim on which relief may be granted.

Comments:
SEE ATTACHMENT.

_____               /s/ Steve Kim
May 15, 2023                                               _____
Date                                                                    United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED

☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:

   ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

   ☒ This complaint is DISMISSED without leave to amend.

   ☒ This action is DISMISSED with prejudice.  All pending motions are DENIED as moot.

_____               _____
May 22, 2023                                               United States District Judge
Date

**ATTACHMENT**

*Amber Doe v. Michael Lewis Goguen, et al.*

**Case No. 2:23-cv-02280-MEMF (SK)**

Plaintiff Amber Doe seeks to proceed in forma pauperis (IFP) with a 1,700-page complaint ostensibly naming more than 150 defendants, purporting to allege over 50 causes of action, and attaching several sexually explicit or salacious images (which the court had to order redacted from the public docket). The named defendants include not only the lead defendant, Michael Lewis Goguen, who recently secured a civil harassment restraining order against plaintiff in San Mateo County Superior Court, but also every judge or lawyer conceivably connected to that state court case. The discursive complaint also names the United States of America, the State of California, "Human Traffickers," "Strip Clubs," "Model Studios," "Rock Stars," the "World Bank," a "Saudi Arabian oil company," the "US mint," up to 10 million unidentified Does, and nearly every major retail, technology, communication, news media, entertainment, sports, health, food and beverage, oil, or automotive company in the country. From what the court can intelligibly discern (which is very little), plaintiff seeks over $1 billion in damages, the opening of federal criminal investigations, and other coercive extrajudicial orders.

Plaintiff's IFP application should be denied, and the complaint accordingly dismissed without leave to amend, for any or all of these reasons:

1.     <u>The court has no subject matter jurisdiction.</u> *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). The complaint alleges no proper basis for diversity jurisdiction under 28 U.S.C. § 1332(a). To the contrary, the civil cover sheet to the complaint[1] notes that both plaintiff and (at least one) defendant are both from the same state (ECF 1-6 at 1), thereby eliminating diversity jurisdiction. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (§ 1332 requires "complete diversity," meaning citizenship of "each plaintiff is different from that of each defendant"). And the court need not blindly assume that the amount-in-controversy requirement can be met by plaintiff's facially implausible demand for more than $1 billion in damages. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (federal courts need not accept alleged amount in controversy claimed with no good faith); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010)

---

[1] This is not to suggest that information on a civil cover sheet can replace a properly pled complaint. *See Payne v. JP Morgan Chase Bank N.A.*, 2015 WL 12832118, at *1 n.1 (C.D. Cal. Sept. 22, 2015) ("[B]ecause the cover sheet is not a pleading and does not amend or modify a pleading, its contents cannot satisfy the standards governing federal pleadings."); *McKinney v. Law Off. of James Duncan*, 2010 WL 668027, at *7 (N.D. Cal. Feb. 19, 2010) ("A Civil Cover Sheet does not supplant the complaint."). But the lack of proper jurisdictional facts even on the civil cover sheet only further exposes the patent jurisdictional deficiencies of the complaint.

(federal courts need not accept amount in controversy alleged on face of complaint if "it is obvious that the suit cannot involve the necessary amount").

Nor does the complaint allege any proper basis for federal question jurisdiction under 28 U.S.C. § 1331. Indeed, the only claimed basis for jurisdiction—again as reflected on the complaint's civil cover sheet—is as a suit against the United States. (ECF 1-6 at 1). But not only does the United States enjoy "sovereign immunity" from civil suit (absent express waiver), *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1127 (9th Cir. 2019), the complaint purports to be only a civil suit about the "torts" of "other personal injury" or "other fraud." (ECF 6-1 at 1). Federal courts have no general subject matter jurisdiction over common law torts. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). And while the complaint cites to random federal statutes and purports to invoke the protections of the federal Constitution, it states with no "sufficient particularity" any pertinent facts "creating jurisdiction" under federal law. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *see Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (suit may "be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."); *Denton v. Agents of Oregon*, 2012 WL 5342541, at *1 (D. Or. Oct. 29, 2012) ("[P]laintiff's conclusory allegations, bare citation to the Constitution, and passing references to federal issues are insufficient to establish subject matter jurisdiction."). In short, jurisdiction under § 1331 is lacking because there is no "well-pleaded complaint" here showing that plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

Finally, with no original subject matter jurisdiction, the court has no supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c).

2. <u>The complaint "seeks monetary relief against" many defendants who are "immune from such relief."</u> 28 U.S.C. § 1915(e)(2)(B). As noted, the United States enjoys sovereign immunity from civil suits (absent express waiver, which nothing in the complaint supports). Similarly, the State of California is immune from damages suits under the Eleventh Amendment, as are the State's courts. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). And judicial immunity applies to the decisions of individual judges in the suits over which they preside. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly.") (cleaned up).

3.    The complaint is barred the *Rooker-Feldman* doctrine.  At root, the complaint appears to be an unauthorized collateral attack on the judgment of the San Mateo County Superior Court, which entered a civil harassment restraining order against plaintiff and in favor of defendant Michael Goguen.  But "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Thus, as far as the complaint invites review of "injuries caused by state-court judgments" and seeks "rejection of those judgments," it is foreclosed by the *Rooker-Feldman* doctrine.  *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

4.    The complaint "fails to state a claim on which relief may be granted" and is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B).  To survive the pleading stage, a civil complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  And to prevent "abusive or captious litigation," the IFP statute "authorizes federal courts to dismiss" any action that "is frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up).  Frivolous complaints are those that "lack[] an arguable basis either in law or in fact." *Id.*  And a "complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases." *Young Yil Jo v. Six Unknown Names Agents*, 2006 WL 3483429, at *1 (E.D. Cal. Dec. 1, 2006).

The complaint fails all these pleading standards.  It contains "incomprehensible rambling[s]" with no coherent factual allegations or intelligible legal claims. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  "Even measured by the liberal standards accorded pro se litigants," a complaint like the one here—"rambling and garbled" or "incomprehensible"—must be dismissed. *Burgess v. City & Cty. of S.F.*, 955 F.2d 47, 47 (9th Cir. 1992); *see United States v. Banks*, 639 F. App'x 69, 70 (3d Cir. 2016) (pro se pleading "depicting various handwritten figures and rambling references" but with no comprehensible "argument, claim, or request for relief . . . is not a type of pleading requiring attention by the court"). The complaint is also a quintessential "shotgun pleading" which (1) fails to differentiate between defendants such that it is impossible to determine which defendant is accused of what, (2) provides no factual allegations that can be logically organized into each count of the complaint, and (3) contains many conclusory, vague, and immaterial facts unconnected to a particular cause of action. *Jaime v. Parts Auth. LLC*, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021).  Such shotgun complaints may be summarily dismissed, *see Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015

WL 12777092, at *4 (C.D. Cal. Oct. 23, 2015), because even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (cleaned up). And as much as the complaint is understandable at all, it appears to have no purpose other than a vexatious one of circumventing the civil harassment restraining order entered by the San Mateo County Superior Court.

     5.   <u>Leave to amend would be futile.</u> "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000). Moreover, plaintiff had a chance to explain (if possible) why her complaint should be allowed to proceed given its manifest deficiencies. (ECF 12). That order instructed plaintiff not to file documents with "any sexually explicit or salacious content of any kind" and not to "reference (directly or indirectly) statements that are the subject of the civil harassment restraining order issued by the San Mateo County Superior Court on March 6, 2023." (*Id.*). Doing so, the order warned, would lead to involuntary dismissal for violating court orders. (*Id.*). Yet rather than appropriately respond to that order, plaintiff filed just three days later an application for a temporary restraining order—comprising more than 140 pages—which not only referenced prohibited statements from the state court restraining order but again included sexually explicit content. (ECF 13). That flagrant violation of the court's order required another sealing and redaction order. (ECF 17). And not only did plaintiff ultimately fail to show cause why her complaint should not be dismissed for the many deficiencies outlined here (ECF 23), she doubled down by filing a defective motion for default judgment (ECF 24, 29) and a 500-page motion for summary judgment supported by a 1,700-page declaration with exhibits (ECF 28, 30-31). Under these egregious circumstances, leave to amend the complaint should be denied as futile and this action should be dismissed with prejudice. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987). Any pending motions may then be denied as moot.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jane Freedom Doe

PLAINTIFF(S)

v.

Quinn Emanuel Urquhart and Sullivan LLP, et al.

DEFENDANT(S)

CASE NUMBER

2:23-cv-04723-MEMF-SK

**ORDER ON REQUEST TO PROCEED**
*IN FORMA PAUPERIS*
**(NON-PRISONER CASE)**

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.

    ☒ The action is frivolous or malicious.

    ☒ The action fails to state a claim upon which relief may be granted.

    ☒ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

June 16, 2023
_____
Date

_____
United States District Judge

This action is duplicative of one the Court previously dismissed with prejudice. See Doe v. Goguen, et al., 2:23-cv-02280-MEMF-SK. Accordingly, this newly filed action also must be dismissed with prejudice. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (affirming district court's dismissal and noting that "[t]here is no abuse of discretion where a district court dismisses under § 1915[] a complaint that merely repeats pending or previously litigated claims.") (citation and internal quotations omitted); see also Diamond v. City of Los Angeles, 700 F. App'x 727, 728 (9th Cir. 2017) (district court did not abuse its discretion by dismissing action that was duplicative of plaintiff's earlier action against the same defendant in the same district court) (citation omitted).

*(attach additional pages if necessary)*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Doe, | **CASE NUMBER** |
| **PLAINTIFF(S)** | 2:23-cv-06439-MEMF-SK |
| v. | |
| Sequoia Capital, et al., | **ORDER ON REQUEST TO PROCEED** |
| | ***IN FORMA PAUPERIS*** |
| **DEFENDANT(S)** | **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
    ☒ The action is frivolous or malicious.
    ☐ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| September 20, 2023 | |
| **Date** | United States District Judge ▾ |

On July 6, 2023, Plaintiff filed a Complaint with the United States District Court for the Southern District of New York ("Southern District of New York"). (ECF No. 1.) On July 18, 2023, the Southern District of New York granted Plaintiff's request to proceed in forma pauperis ("IFP"). (ECF No. 5.) On July 28, 2023, Plaintiff filed an Amended Complaint. (ECF No. 7.) On August 1, 2023, the Southern District of New York transferred this action to this Court after learning that Plaintiff had filed two prior actions with the Central District of California that possibly were duplicative, and after finding that it lacked access to the docket information necessary to determine whether they actually were duplicative. (ECF No. 8 at 4.) On August 23, 2023, Plaintiff filed another IFP request with this Court. (ECF No. 14.)

The ruling on the prior IFP request in the Southern District of New York is not binding on this Court, which has information about Plaintiff's prior actions that the Southern District of New York acknowledged it did not have. See Pacific Coast Marine Windshields v. Malibu Boats, 2011 WL 6046308, at *2 (E.D. Cal. Dec. 5, 2011) ("A court may reconsider a prior ruling of a transferor court . . . when new evidence becomes available."); see also Beedy v. Washington Power Co., 238 F.2d 123, 127 (9th Cir. 1956) (holding that the ruling of the original judge who acknowledged insufficiencies in the record was not binding on a second judge with a more complete record). Thus, the Court exercises its discretion to reconsider, given the docket information available to it, whether Plaintiff should proceed IFP with her Amended Complaint.

The Amended Complaint alleges that Defendants engaged in "human trafficking, negligence, rape, conspiracy, premises liability, bad faith, malicious prosecution, defamation, [and] legal malpractice." (ECF No. 7 at 2.) The Court has reviewed the Amended Complaint for whether it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that this review is not limited to IFP complaints from prisoners).

As relevant here, an action is frivolous when it is barred by res judicata. Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984), abrogated on other ground by Neitzke v. Williams, 490 U.S. 319, 326-28 (1989). According to the docket of the Central District of California, Plaintiff raised her allegations twice before, in Case No. 2:23-cv-02280-MEMF-SK and Case No. 2:23-cv-04896-MEMF-SK. Indeed, the allegations in the instant action are almost identical to the allegations in Case No. 2:23-cv-02280-MEMF-SK. The Court dismissed both prior actions with prejudice. A prior dismissal with prejudice is a determination on the merits that bars a later suit under res judicata. Leon v. IDX Systems Corp., 464 F.3d 951, 962 (9th Cir. 2006) (citing Beard v. Sheet Metal Workers Union, Local 150, 908 F.2d 474, 477 n.3 (9th Cir. 1990)). Because Plaintiff's claims previously have been dismissed with prejudice, the instant action is barred by res judicata.

Finally, amendment would be futile. Cobb v. Juarez, 584 F. App'x 418, 419 (9th Cir. 2014) (holding that amendment of claims barred by res judicata would be futile); see also Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

In sum, the IFP request is denied, the Amended Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.

*(attach additional pages if necessary)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMBER DOE, | CV 23–88–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| SEQUOIA CAPITAL, ET AL., | |
| Defendants. | |

On July 28, 2023, pro se Plaintiff Amber Doe filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a 309-page complaint naming more than 60 defendants, alleging 47 causes of action, and attaching over 1000-pages of exhibits including salacious images (which were sealed from the public docket). (*See* Docs. 2, 2-1, 2-2, 2-3.) The named defendants include Michael Lewis Goguen, a collection of lawyers and law firms with whom Plaintiff has ostensibly had dealings and various media entities including "Bloomberg companies [sic]," Rupert Murdoch, MSNBC, and Vox Media. (Doc. 2 at 2–4.) From what is discernable from the Complaint, Plaintiff seeks over $100 million in damages as well as other coercive extrajudicial orders.

1

## I.    Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay.  On July 28, 2023, Doe completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1).  The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants her request to proceed in forma pauperis.

## II.    Screening Requirement

Because Doe is proceeding in forma pauperis, the Court must review her Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  If so, the Complaint must be dismissed.  28 U.S.C. § 1915(e)(2).  To survive the pleading stage, a civil complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   And to prevent "abusive or captious litigation," the IFP statute "authorizes federal courts to dismiss" any action that "is frivolous or malicious."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up).  Frivolous complaints are those that "lack[] an arguable basis either in law or in fact."  *Id.*   And a "complaint is malicious if it suggests an intent

2

to vex defendants or abuse the judicial process by relitigating claims decided in

prior cases." *Young Yil Jo v. Six Unknown Names Agents*, 2006 WL 3483429, at

*1 (E.D. Cal. Dec. 1, 2006).

The Complaint fails all these pleading standards. It contains

"incomprehensible rambling[s]" with no coherent factual allegations or

intelligible legal claims. *United States ex rel. Cafasso v. Gen. Dynamics C4

Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). The Complaint is also a

quintessential "shotgun pleading" which (1) fails to differentiate between

defendants such that it is impossible to determine which defendant is accused of

what, (2) provides no factual allegations that can be logically organized into each

count of the complaint, and (3) contains many conclusory, vague, and immaterial

facts unconnected to a particular cause of action. *Jaime v. Parts Auth. LLC*,

2021 WL 3055041, at *7 (D. Ariz. July 20, 2021). Such shotgun complaints

may be summarily dismissed, *see Almont Ambulatory Surgery Ctr., LLC v.

UnitedHealth Grp., Inc.*, 2015 WL 12777092, at *4 (C.D. Cal. Oct. 23, 2015),

because even "a liberal interpretation of a civil rights complaint may not supply

essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit

Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

## III.  Leave to Amend

"When a case may be classified as frivolous or malicious, there is, by

3

definition, no merit to the underlying action and so no reason to grant leave to

amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000). Ordinarily,

"[d]ismissal of a pro se complaint without leave to amend is proper only if it is

absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations

omitted). But here, there is no reason to believe the factual allegations could be

remedied through amendment or more specific pleading because even the most

liberation interpretation of the facts and law in the Complaint could not remedy its

insufficiencies. *See Lopez*, 203 F. 3d at 1127 n.8. Thus, leave to amend the

Complaint is denied as futile and this action is dismissed with prejudice. *See* Fed.

R. Civ. P. 41(b); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987).

Any pending motions may then be denied as moot.

DATED this 17 day of October, 2023.

_____
Donald W. Molloy, District Judge
United States District Court

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMBER BAPTISTE,

           *Plaintiff*,

    v.

VOX MEDIA, et al.,

           *Defendants*.

Civil Action No. 1:23-cv-02161 (UNA)

**ORDER**

Before the Court is Plaintiff's Complaint. ECF No. 1. Although Plaintiff is pro se, even pro se litigants must comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). As relevant here, Rule 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." "The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, Plaintiff's Amended Complaint fails to meet even these minimal standards. Plaintiff's 248-page complaint is not "short." Fed. R. Civ. P. 8(a). And despite its length, it fails to make "plain" any entitlement to the 47 claims for relief it raises against the tens of defendants that Plaintiff has sued. *Id*.; *see* ECF No. 1 at 2–4.

1

Accordingly, it is hereby

**ORDERED** that Plaintiff's application to proceed in forma pauperis, ECF No. 2,

**GRANTED**; and it is further

**ORDERED** that the Complaint, ECF No. 1, is **DISMISSED** without prejudice.

This is a final and appealable order.

The Clerk of Court is directed to terminate this case.


DATE:  February 2, 2024

CARL J. NICHOLS
United States District Judge

2